IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LINDSAY KRESLAKE,

        Plaintiff,

  v.

MIDLAND CREDIT MANAGEMENT, INC.,

        Defendant.

_____/

No. C 13-02080 SI

**SECOND ORDER TO SHOW CAUSE
WHY CASE SHOULD NOT BE
DISMISSED FOR FAILURE TO
PROSECUTE**

     *Pro se* plaintiff Kreslake filed this suit against defendant Midland Credit Management, Inc., in Alameda County Superior Court for "violation of FDCPA 5809 & violations of Rosenthal Act." Compl. at 2. On May 14, 2013, after the case was removed to this Court, defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The hearing was set for June 28, 2013, and plaintiff's opposition was due on May 30, 2013. Plaintiff did not file an opposition, nor did plaintiff request an extension of time. Accordingly, the Court ordered plaintiff to show cause by no later than June 28, 2013, why this case should not be dismissed for failure to prosecute. Then, on June 26, 2013, the Court's order was returned as undeliverable to plaintiff's address.

     Plaintiff has a duty to notify the Court of any address change. *See* N.D. Cal. L.R. 3-11 (the court may dismiss a case if no notification of an address change has been received within 60 days of the receipt of an undeliverable mailing). Additionally, plaintiff must timely respond to a motion to dismiss. Accordingly, plaintiff is **ORDERED TO SHOW CAUSE in writing by no later than August 26, 2013 why this case should not be dismissed for failure to prosecute or for failure to provide a current address.** *See* Fed. R. Civ. Proc. 41(b). If plaintiff does not respond, this action will be dismissed without prejudice.

     **IT IS SO ORDERED.**

Dated: July 2, 2013

                                 SUSAN ILLSTON
                                 United States District Judge

**United States District Court**
For the Northern District of California